**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
(Richmond Division)

| | |
|---|---|
| **In re:**<br><br>**CIRCUIT CITY STORES, INC., et al.,**<br><br>Debtors. | Adv. No. 19-03091 (KRH)<br>Adv. No. 19-03060 (KRH)<br>Case No. 08-35653 (KRH)<br><br>Chapter 11<br><br>(Jointly Administered) |

**PROPOSED SCHEDULE FOR POST-REMAND BRIEFING**

The Acting United States Trustee for Region 4 ("United States Trustee") respectfully files this proposal for briefing the issue remanded by the United States Supreme Court and the United States Court of Appeals for the Fourth Circuit. *See Siegel v. Fitzgerald*, 142 S. Ct. 1770, 1783 (2022); *In re Circuit City Stores, Inc.*, Case No. 19-2240, Dkt. No. 59 (4th Cir. July 20, 2022).

### BACKGROUND

A. **The Liquidating Trustee files a motion asking this Court to determine that the 2017 amendment to the quarterly fee statute does not apply to this case.**

1. On March 28, 2019, the Liquidating Trustee filed a *Motion of the Liquidating Trustee to Determine Extent of Liability for Post-Confirmation Quarterly Fees Payable to the United States Trustee Pursuant to 28 U.S.C. § 1930(a)(6) and Memorandum in Support* [ECF No. 14197] (the "**Motion to Determine**"), seeking a determination that the 2017 amendment to

---

Kathryn R. Montgomery, Esq., AUST (Va. Bar No. 42380)
Shannon Pecoraro, Esq. (Va. Bar No. 46864)
Jason B. Shorter, Esq. (Va. Bar No. 80989)
Office of the United States Trustee
701 East Broad Street - Suite 4304
Richmond, VA 23219
Telephone (804) 771-2310
Facsimile (804) 771-2330

28 U.S.C. § 1930(a)(6) was unconstitutional as applied in this case and that the quarterly fee amount "due since January 1, 2018 should be determined based on the statutory rates in effect as of the Petition Date in this Case." *Id*. at 14.

2. On July 15, 2019, this Court ruled that the 2017 amendment to 28 U.S.C. § 1930(a)(6), which temporarily increased quarterly fees for large chapter 11 cases, was unconstitutionally non-uniform, although application of the amendment to cases pending on its effective date is not impermissibly retroactive. *See In re Circuit City Stores, Inc.*, 606 B.R. 260 (Bankr. E.D. Va. 2019) (the "**Fee Decision**"). The Court also converted the Liquidating Trustee's Motion to Determine to an adversary complaint proceeding under docket number 19-03060.

3. Both parties appealed.

**B.    The Liquidating Trustee files a separate proceeding seeking a refund, which is stayed pending the appeals of the Fee Decision.**

4. While the appeals of the Fee Decision were pending, on October 9, 2019, the Liquidating Trustee filed a complaint based on the Fee Decision, docketed as Adversary No. 19-03091, seeking declaratory relief and a return of allegedly overpaid quarterly fees, asserting a claim for turnover under 11 U.S.C. § 542 (the "**Turnover Adversary**").

5. The United States Trustee moved to dismiss the Turnover Adversary, arguing among other things that (1) the claim for a declaratory judgment that the allegedly overpaid amount is an asset of the "Trust estate" fails to state a claim because money, once paid to the United States Treasury, ceases to be property (or an asset) of the payor, and (2) the complaint fails to state a claim for turnover under section 542(b) because the alleged debt is not property of the bankruptcy estate as it did not exist until after confirmation, at which point the bankruptcy estate ceased to exist. Adversary No. 19-03091, Dkt. No. 5.

6.     On December 2, 2019, the parties stipulated to stay the Turnover Adversary pending a "final decision" in the appeals from the Fee Decision.  Adversary No. 19-3091, ECF 6, 8.  The stipulation defined "final decision" as meaning "that no further request for review (whether via reconsideration, appeal or certiorari) has been sought and the date by which any request for further review must be sought has passed."  *Id*. ¶ 2.

7.     As part of that stipulation, the United States Trustee agreed to withdraw his motion to dismiss without prejudice.  *Id*.

8.     Were the stay vacated, the next step in the Turnover Adversary would be the filing of an answer or a renewed motion to dismiss.

**C.     In the appeals from the Fee Decision, the Supreme Court finds the 2017 amendment to be unconstitutionally non-uniform, but remands the question of the remedy for lower court adjudication.**

9.     On April 29, 2021, the Fourth Circuit rendered a decision in the parties' appeals of the Fee Decision.  *In re Circuit City Stores, Inc.,* 996 F.3d 156 (4th Cir. 2021).  The Fourth Circuit affirmed this Court's holding that the 2017 amendment is not impermissibly retroactive.  *Id*. at 169.  However, it reversed this Court's decision on uniformity, holding that the 2017 amendment is constitutional.  *Id*.

10.    The Liquidating Trustee sought Supreme Court review of the Fourth Circuit's decision on uniformity only.

11.    On June 6, 2022, the Supreme Court reversed and remanded, holding that the 2017 amendment "violated the uniformity requirement" of the Bankruptcy Clause.  *Siegel v. Fitzgerald*, 142 S. Ct. 1770, 1775 (2022); *see id*. at 1782-83.

12.    In rendering its merits decision, the Supreme Court declined to decide what if any remedy should be ordered to address that constitutional violation.

13. Before the Supreme Court, the Solicitor General and the Liquidating Trustee disagreed on the appropriate remedy for the lack of uniformity.

14. Among other things, the Solicitor General argued before the Supreme Court that when determining the proper remedy for unconstitutionally unequal treatment, a court "must adopt the remedial course Congress likely would have chosen 'had it been apprised of the constitutional infirmity.'" *See* Brief for the Respondent at *43, *Siegel v. Fitzgerald*, No. 21-441, 596 U.S. ___, 2022 WL 943378 (Mar. 1, 2022) (quoting *Sessions v. Morales-Santana*, 137 S. Ct. 1678, 1701 (2017) (quoting *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 427 (2010))). Thus, the Solicitor General argued that a refund was not an appropriate remedy; rather, only prospective relief was appropriate, but if any retrospective relief was needed it would be increasing the quarterly fees in the BA districts. *Id*. at *16, *43-48 & n.7.

15. The Liquidating Trustee disagreed. He argued that the proper remedy is a full refund of fees. *See* Brief for the Petitioner at *31-32, *Siegel v. Fitzgerald*, No. 21-441, 596 U.S. ___, 2022 WL 618987 (Feb. 24, 2022); Reply Brief for the Petitioner at *16-19, *Siegel v. Fitzgerald*, No. 21-441, 596 U.S. ___, 2022 WL 1120376 (Apr. 8, 2022).

16. The Supreme Court, noting that "[t]he parties raise a host of legal and administrative concerns with each of the remedies proposed" and that "[t]he court below . . . has not yet had an opportunity to address these issues or their relevancy to the proper remedy," elected to "remand for the Fourth Circuit to consider these questions in the first instance." *Siegel*, 142 S. Ct. at 1783; *see id*. ("remand[ing] for further proceedings consistent with this opinion").

17. The parties jointly proposed to the Fourth Circuit a briefing schedule to address the remanded remedy issue under which they would submit simultaneous briefs, not to exceed

4

5,000 words each, within 28 days of the Court's order, and simultaneous reply briefs, not to exceed 2,500 words each, within 21 days thereafter. *In re Circuit City Stores, Inc.*, Case No. 19-2240, Dkt. No. 58 (4th Cir. July 13, 2022).

18. However, on July 20, 2022, the Fourth Circuit entered an order remanding the case to this Court "for consideration of remedies in light of the Supreme Court's decision in *Siegel*." *Id*., Dkt. No. 59 (4th Cir. July 20, 2022).[1]

**D.    The parties are unable to agree on a schedule for post-remand proceedings in this Court.**

19. Two days after the Fourth Circuit's order remanding the remedy question to this Court, counsel for the United States Trustee contacted counsel for the Liquidating Trustee to propose a briefing schedule regarding the remanded question.

20. After several emails between the parties, it became clear that they could not agree on a proposal. The main sticking point is that, rather than briefing focused exclusively on the issue the Fourth Circuit remanded, the Liquidating Trustee wants to consolidate the two adversary proceedings and expand the briefing (but not the schedule for or the length of the briefs) to include issues raised in the stayed Turnover Adversary.

21. The United States Trustee proposed to keep the Turnover Adversary stayed until the question of which fee schedule should apply is finally decided—as originally contemplated when he agreed to withdraw his motion to dismiss without prejudice.

---

[1] The Fourth Circuit has not yet issued its mandate. Unless the court orders otherwise, the mandate will issue on about September 13, 2022: seven days after the time to petition for rehearing expires, which is 45 days after entry of judgment because the federal government is a party. *See* Fed. R. App. P. 40(a), 41; *see also* Notice of Judgment, *In re Circuit City Stores, Inc.*, Case No. 19-2240, Dkt. No. 60 (4th Cir. July 20, 2022).

22. In an effort to compromise, the United States Trustee offered to agree to the Liquidating Trustee's proposal to consolidate the two adversaries, and to treat the remedy briefing as a motion to dismiss the Turnover Adversary. The United States Trustee would also agree to the schedule proposed by the Liquidating Trustee for briefing the remanded remedy issue, which mirrored the schedule jointly proposed for briefing the issue in the Fourth Circuit: opening briefs (not to exceed 5,000 words) due on September 12 with simultaneous replies (not to exceed 2,500 words) due on October 3.[2]

23. The United States Trustee proposed, however, that the briefing would be limited to the remedy issue remanded by the Fourth Circuit, with the United States Trustee reserving the right to raise all other arguments and defenses, including those raised in his motion to dismiss the Turnover Adversary, either in an answer to the turnover complaint or in a subsequent motion. This proposal simply reflects the rights any party has under the rules of procedure to assert defenses to a complaint in his answer and to raise arguments in subsequent motions, such as a motion for judgment on the pleadings. *See* Fed. R. Bankr. P. 7012(b); Fed. R. Civ. P. 12(c), (h)(2), (3).

24. The Liquidating Trustee rejected this proposal and the parties agreed to submit their respective proposals to this Court.

### THE UNITED STATES TRUSTEE'S PROPOSAL

25. The United States Trustee proposes that the parties brief the remanded remedy question sent down by the Supreme Court and the Fourth Circuit. That question, specifically, is whether the appropriate remedy for the non-uniformity of fees during the time when the 2017

---

[2] The Liquidating Trustee recently revised his proposed schedule to suggest later dates: opening briefs due September 19 with reply briefs due October 11. If briefing is limited to the remedy issue, the United States Trustee is amenable to either schedule.

amendment was in effect is prospective only and, if a retrospective remedy is required, what that retrospective remedy should be.

26. Had the Fourth Circuit accepted the parties' joint proposal for post-remand proceedings, this is the only issue the briefing would have addressed. And the remedy issue is the only issue raised by the Fourth Circuit's remand to this Court.

27. The Turnover Adversary should remain stayed. When the parties stipulated to stay the Turnover Adversary and to the withdrawal without prejudice of the motion to dismiss, the expectation was that the question of which fee schedule should apply would be finally decided through the appeals from the Fee Decision and the stay would only be lifted after that final decision.

28. Moreover, the Turnover Adversary claims were predicated on the Court's ruling in the Fee Decision, *see* Compl. ¶¶ 1, 27, 33-34, 41-42, however, the Fourth Circuit's remand order vacated "any prior orders regarding remedies." *In re Circuit City Stores, Inc.*, Case No. 19-2240, Dkt. No. 59 (4th Cir. July 20, 2022). The fact that the Fee Decision addressed what the fee payments should have been retroactively goes to the merits of the remedy question and was therefore vacated by the Fourth Circuit. *See* 606 B.R. at 270 ("The quarterly fees due and payable by the Liquidating Trust since January 1, 2018, must be determined based on the prior version of the statute.").

29. The Turnover Adversary also raises issues outside the scope of the remand—such as whether money paid to the government is property of the payor and whether a turnover claim can be asserted for a post-confirmation debt—that need not be addressed at this juncture and may not need to be addressed at all in this case.

30. Even if the Turnover Adversary is not stayed and the two proceedings are consolidated, the proposed simultaneous briefing can and should be limited to the remanded remedy question without any waiver of the United States Trustee's rights to later raise other defenses to the complaint.

31. The Liquidating Trustee apparently wants to obtain a decision not just on his Motion to Determine but also on the merits of his complaint in the Turnover Adversary. But no party is entitled to an immediate ruling on a complaint to which no response has yet been filed, and the government has the right to assert any and all defenses it may have to the claims alleged in the Turnover Adversary.

32. The government has the right to respond to the complaint in the Turnover Adversary by answer or motion to dismiss. The government has the right to defend suits against it and will do so if it is unstayed. We do not believe lifting the stay represents the best way forward now, and it is beyond the scope of the remand to this Court.

33. If briefing is limited to the remanded remedy question, the United States Trustee can agree to the Liquidating Trustee's latest briefing proposal: opening briefs (not to exceed 5,000 words) due on September 19 with simultaneous replies (not to exceed 2,500 words) due on October 11.

34. If the stay is lifted on the Turnover Adversary, then the next step—in addition to briefing the remanded question—is for the government to answer or move to dismiss the turnover complaint within its allotted time to do so.

## CONCLUSION

For these reasons, the United States Trustee requests that the Court enter a briefing schedule for the remanded remedy question and that the Court leave the stay of the Turnover Adversary in place for now.

| | |
|---|---|
| Date: August 25, 2022 | Respectfully submitted, |
| RAMONA D. ELLIOTT<br>Deputy Director/General Counsel<br>P. MATTHEW SUTKO<br>Associate General Counsel<br>BETH A. LEVENE<br>Trial Attorney<br>Department of Justice<br>Executive Office for<br> United States Trustees<br>441 G Street, N.W., Suite 6150<br>Washington, DC  20530<br>(202) 307-1399<br>Fax: (202) 307-2397 | By:  /s/ *Kathryn R. Montgomery*<br><br>JOHN P. FITZGERALD, III<br>Acting United States Trustee, Region 4<br>KATHRYN R. MONTGOMERY<br>Assistant United States Trustee<br>Department of Justice<br>Office of the United States Trustee<br>701 East Broad Street, Suite 4304<br>Richmond, Virginia 23219<br>(804) 771-2310<br>Fax: (804) 771-2330 |