Kathryn R. Montgomery
(Va. Bar No. 42380)
Department of Justice
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
(804) 771-2310
Fax: (804) 771-2330

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Richmond Division)

|  |  |
|---|---|
| **In re:**<br><br>**CIRCUIT CITY STORES, INC., et al.,**<br><br>**Debtors**. | Consolidated<br>Adv. No. 19-03091 (KRH) (lead)<br>Adv. No. 19-03060 (KRH)<br><br>Case No. 08-35653 (KRH)<br><br>Chapter 11<br><br>(Jointly Administered) |

## UNITED STATES TRUSTEE'S ANSWER TO COMPLAINT, ADV. NO. 19-03091

RAMONA D. ELLIOTT
Deputy Director/General Counsel
P. MATTHEW SUTKO
Associate General Counsel
BETH A. LEVENE
Trial Attorney
Department of Justice
Executive Office for
  United States Trustees
441 G Street, N.W., Suite 6150
Washington, DC  20530
(202) 307-1399
Fax: (202) 307-2397

JOHN P. FITZGERALD, III
Acting United States Trustee, Region 4
KATHRYN R. MONTGOMERY
Assistant United States Trustee
Department of Justice
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
(804) 771-2310
Fax: (804) 771-2330

1

The defendants, John P. Fitzgerald, III, Acting United States Trustee for Region Four ("United States Trustee"), the "United States Trustee Program," and Ramona D. Elliott, Acting Director[1] (collectively "Defendants") respectfully state their Answer to Complaint for Declaratory Judgment and Recovery of Amounts Owed Pursuant to 11 U.S.C. § 542 ("Complaint").  This Answer responds specifically to each paragraph of the Complaint, using the same headings[2] and numbering used in the Complaint.  To the extent an allegation is not specifically admitted, it is denied.

The first unenumerated paragraph of the Complaint constitutes the Liquidating Trustee's ("Plaintiff") characterization of this action and the relief sought, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants, deny that the Plaintiff is entitled to any of the relief requested in this section, or to any relief whatsoever.

## NATURE OF THE ACTION

1.      Paragraph 1 of the Complaint contains a characterization of the claims asserted by Plaintiff and the relief requested, not allegations of fact, and thus no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 1.

## THE PARTIES

2.      With regard to Paragraph 2 of the Complaint, the first sentence is admitted.  The second sentence contains Plaintiff's characterization of the Trust documents, which speak for

---

[1] Ramona D. Elliott, Acting Director, is substituted for defendant Clifford J. White, III, Director, pursuant to Federal Rule of Bankruptcy Procedure 7025, which incorporates Federal Rule of Civil Procedure 25(d), which provides for automatic substitution when a governmental official ceases to hold office.  After the Complaint was filed, Mr. White retired and Ms. Elliott was appointed Acting Director.

[2] Defendants deny all allegations contained in such headings.

themselves. Defendants respectfully refer the Court to those documents for a complete and accurate statement of their contents.

3.      With regard to Paragraph 3, Defendants admit that the Executive Office for United States Trustees together with the United States Trustees and their staffs are often referred to, including internally, as the "United States Trustee Program," but deny that there is a separate legal entity denominated "the United States Trustee Program" under 28 U.S.C. § 586 and 11 U.S.C. §§ 101-1532. Rather, 28 U.S.C. § 581 requires the Attorney General to appoint a United States Trustee for each of 21 statutorily specified regions. Defendants admit that United States Trustees supervise the administration of bankruptcy cases and private trustees among other things under 28 U.S.C. § 586. Defendants further admit that United States Trustees collect fees pursuant to 28 U.S.C. § 1930, which fees are deposited into the United States Trustee System Fund. Defendants deny the remainder of the allegations of Paragraph 3.

4.      With regard to Paragraph 4 of the Complaint, Defendants deny that Clifford J. White, III is the Director of the Executive Office for United States Trustees. Defendants aver that Ramona D. Elliott was appointed the Acting Director of the Executive Office for United States Trustees and is substituted for Mr. White pursuant to Federal Rule of Bankruptcy Procedure 7025, which incorporates Federal Rule of Civil Procedure 25(d), which provides for automatic substitution when a governmental official ceases to hold office. After the Complaint was filed, Mr. White retired and Ms. Elliott was appointed Acting Director.

5.      Defendants admit the allegations of Paragraph 5 of the Complaint.

## **JURISDICTION**

6.      The allegations of Paragraph 6 set forth jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no answer

is required.  Defendants submit that subject to, and reserving all rights under, 28 U.S.C. § 2414 and Fed. R. Civ. P. 62(e), as asserted in the second defense, Defendants consent to entry of final orders or judgments by this Court under Fed. R. Bankr. P. 7012(b).

7.     Paragraph 7 contains conclusions of law, not allegations of fact, and thus no response is required.

8.     Paragraph 8 contains conclusions of law, not allegations of fact, and thus no response is required.

9.     Paragraph 9 contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is required, except as specifically admitted herein, Defendants deny the allegations of Paragraph 9.

## RELEVANT FACTS

10.     Defendants admit the allegations of Paragraph 10 of the Complaint.

11.     Defendants admit the allegations of Paragraph 11 of the Complaint.

12.     Defendants admit the allegations in the first sentence of Paragraph 12.  The second sentence of Paragraph 12 contains Plaintiff's characterization of the Plan and Confirmation Order, which speaks for themselves.  Defendants respectfully refer the Court to those documents for a complete and accurate statement of their contents.

13.     The allegations of Paragraph 13 set forth jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

14.     With regard to Paragraph 14, Defendants admit that Plaintiff performed and continues to perform duties under the Plan and Liquidating Trust Agreement.  Defendants are

without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 14, and therefore denies them.

15.     With regard to Paragraph 15, Defendants admit that Plaintiff has made efforts to recover sums to make distributions to holders of allowed claims.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 15, and therefore denies them.

16.     Paragraph 16 contains Plaintiff's characterization of the Plan, which speaks for itself.  Defendants respectfully refer the Court to the Plan for a complete and accurate statement of its contents. The United States Trustee avers that Plaintiff's excerpt of Article XII.D. of the Plan is incomplete, as it omits the last sentence of Article XII.D. of the Plan, which states, "The U.S. Trustee shall not be required to file a request for payment of its quarterly fees, which shall be paid by the Debtor and/or the Liquidating Trustee."  To the extent a response is required, except as specifically admitted herein, Defendants deny the allegations of this paragraph.

17.     Paragraph 17 contains Plaintiff's characterization of the Plan, which speaks for itself.  Defendants respectfully refer the Court to the Plan for a complete and accurate statement of its contents.  Defendants admit that as of the time of the Complaint, Plaintiff had timely filed quarterly operating reports.  In all other respects, this Paragraph 17 is denied.

18.     With regard to Paragraph 18, Defendants admit that Plaintiff paid more in UST Fees following the effective date of the 2017 Act.  In all other respects, Paragraph 18 is denied.

19.     Defendants admit the allegations of Paragraph 19 of the Complaint.

20.     Paragraph 20 contains Plaintiff's characterization of the Court's order, which speaks for itself.  Defendants respectfully refer the Court to the order for a complete and accurate statement of its contents.

21.     With regard to Paragraph 21, Defendants admit the allegations contained within the first sentence.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.  In all other respects, Paragraph 21 is denied.

22.     With regard to Paragraph 22, this paragraph contains Plaintiff's characterization of the Court's order, which speaks for itself.  Defendants respectfully refer the Court to the order for a complete and accurate statement of its contents.  In all other respects, Paragraph 22 is denied.

23.     Defendants deny the allegations of Paragraph 23 of the Complaint.

24.     Defendants deny the allegations of Paragraph 24 of the Complaint.

25.     With regard to Paragraph 25 of the Complaint, Defendants admit that Plaintiff sent a letter dated September 26, 2019, and that a response was sent to Plaintiff on October 9, 2019.  Defendants respectfully refer the Court to those letters for a complete and accurate statement of their contents.  In all other respects, Paragraph 25 is denied.

## COUNT I
## DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201

26.     Defendants repeat and reallege each of the foregoing responses as if fully set forth herein.

27.     Paragraph 27 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 27.

28.     Paragraph 28 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 28.

29.     Paragraph 29 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 29.

30.     Paragraph 30 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 30.

31.     Defendants deny the allegations of Paragraph 31 of the Complaint.

## COUNT II
## DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201

32.     Defendants repeat and reallege each of the foregoing responses as if fully set forth herein.

33.     Paragraph 33 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 33.

34.     Paragraph 34 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 34.

35.     Paragraph 35 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 35.

36.     Paragraph 36 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 36.

37.     Defendants deny the allegations of Paragraph 37 of the Complaint.

## COUNT III
## TURNOVER AND ACCOUNTING OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 542

38.     Defendants repeat and reallege each of the foregoing responses as if fully set forth herein.

39.     Defendants deny the allegations of Paragraph 39 of the Complaint.

40.     Defendants deny the allegations of Paragraph 40 of the Complaint.

41.     With regard to Paragraph 41 of the Complaint, Defendants admit that Defendants have not returned quarterly fees paid to Plaintiff.  In all other respects, Paragraph 41 is denied.

42.     With regard to Paragraph 42 of the Complaint, Defendants admit that they are aware of the Court's opinion.  In all other respects, Paragraph 42 is denied.

43.     Defendants deny the allegations of Paragraph 43 of the Complaint.

44.     Defendants deny the allegations of Paragraph 44 of the Complaint.

## PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiff's prayer for relief, to which no response is required.  To the extent that a response is deemed necessary, Defendants deny that Plaintiff is entitled to any of the relief requested in this section, or to any relief whatsoever.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint should be dismissed for failure to state a claim upon which relief can be granted.

In particular, and without waiver of any other arguments, although the Supreme Court held that "Congress' enactment of a significant fee increase that exempted debtors in two States violated the uniformity requirement" of the Bankruptcy Clause, *Siegel v. Fitzgerald*, 142 S. Ct. 1770, 1775 (2022), it expressly declined to address the appropriate remedy for that lack of uniformity.  Instead, it remanded the question so lower courts could address it in the first instance. *Id*. at 1783.

As argued in Defendants' motion to dismiss filed on October 4, 2022, Dkt. No. 45, the appropriate remedy is determined by congressional intent.  Congress manifestly would not want uniformity to be achieved by returning the fees paid in the 88 districts with United States

8

Trustees.  Rather, the constitutionally appropriate remedy is prospective relief only—the very

relief provided by Congress when it was apprised of the lack of uniformity in the Bankruptcy

Administration Improvement Act of 2020, Pub. L. No. 116-325 (2021), § 3(d)(2), 134 Stat. 5088.

Even if some retrospective adjustment were required, Congress would clearly prefer to collect

(when possible) additional fees in the six Bankruptcy Administrator districts, not to refund fees

in the 88 districts with United States Trustees, which would defeat the central purpose of the

2017 amendment to 28 U.S.C. § 1930(a)(6).  At a minimum, there need be no repayment for the

first three quarters of calendar year 2018.

Because Congress would not choose as a remedy to effectively repeal the 2017

amendment, Plaintiff is not entitled to the any of the relief requested.

### SECOND DEFENSE

No monetary judgment entered against the United States may be paid until the Attorney

General of the United States determines that no appeal shall be taken from the judgment or no

further review will be sought from a decision affirming the judgment.  *See* 28 U.S.C. § 2414, 11

U.S.C. § 106(a)(4), Fed. R. Bank. P. 7062, Fed. R. Civ. P. 62(e), and 28 U.S.C. § 451.

### THIRD DEFENSE

Any award should be offset by any amounts owed to the United States.

### <u>RESERVATION OF RIGHTS</u>

Defendants reserve the right to raise any of the affirmative defenses set forth in Federal

Rule of Civil Procedure 8, should subsequent events disclose facts that support those defense as

they become known.  Defendants further reserve the right to prepare and plead any and all

defenses which may become applicable during the course of this litigation.

9

Subject to, and reserving all rights under, 28 U.S.C. § 2414 and Fed. R. Civ. P. 62(e), as

asserted in the second defense, Defendants consent to entry of final orders or judgments by this

Court under Fed. R. Bankr. P. 7012(b).


WHEREFORE, Defendants respectfully request that the Complaint be dismissed with

prejudice, that costs be assessed against Plaintiff, and that Defendants be awarded any other

relief deemed just and proper.


Date: Nov. 17 , 2022                              Respectfully submitted,

RAMONA D. ELLIOTT                                By:  /s/ *Kathryn R. Montgomery*
Deputy Director/General Counsel
P. MATTHEW SUTKO                                 JOHN P. FITZGERALD, III
Associate General Counsel                        Acting United States Trustee, Region 4
BETH A. LEVENE                                   KATHRYN R. MONTGOMERY
Trial Attorney                                   Assistant United States Trustee
Department of Justice                            Department of Justice
Executive Office for                             Office of the United States Trustee
United States Trustees                           701 East Broad Street, Suite 4304
441 G Street, N.W., Suite 6150                   Richmond, Virginia 23219
Washington, DC  20530                            (804) 771-2310
(202) 307-1399                                   Fax: (804) 771-2330
Fax: (202) 307-2397

10

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on <u>Nov. 17,</u>2022, I electronically filed the foregoing with the Clerk of this Court using the CM/ECF system which will send notification of such filing to all ECF registrants in this case.  I further certify that the foregoing was emailed to counsel for Alfred H. Siegel, Liquidating Trustee of the Circuit City Stores, Inc. Liquidating Trust:

Lynn L. Tavenner, Esquire
Tavenner & Beran, PLC
ltavenner@tb-lawfirm.com

Paula S. Beran, Esquire
Tavenner & Beran, PLC
pberan@tb-lawfirm.com

Richard M. Pachulski, Esquire
Pachulski Stang Ziehl & Jones, LLP
rpschulski@pszjlaw.com

Andrew W. Caine, Esquire
Pachulski Stang Ziehl & Jones, LLP
acaine@pszjlaw.com

Robert J. Feinstein, Esquire
Pachulski Stang Ziehl & Jones, LLP
rfeinstein@pszjlaw.com

Daniel L. Geyser, Esquire
Haynes and Boone, LLP
Daniel.Geyser@Haynesboone.com

       /s/ Kathryn R. Montgomery
       Kathryn R. Montgomery, Esq.