Kathryn R. Montgomery
(Va. Bar No. 42380)
Department of Justice
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
(804) 771-2310
Fax: (804) 771-2330

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
(Richmond Division)

| | |
|---|---|
| **In re:**<br><br>**CIRCUIT CITY STORES, INC., et al.,**<br><br>Debtors. | Consolidated<br>Adv. No. 19-03091 (KRH) (lead)<br>Adv. No. 19-03060 (KRH)<br><br>Case No. 08-35653 (KRH)<br><br>Chapter 11<br><br>(Jointly Administered) |

**UNITED STATES TRUSTEE'S ANSWER TO COMPLAINT, ADV. NO. 19-03060**

RAMONA D. ELLIOTT
Deputy Director/General Counsel
P. MATTHEW SUTKO
Associate General Counsel
BETH A. LEVENE
Trial Attorney
Department of Justice
Executive Office for
 United States Trustees
441 G Street, N.W., Suite 6150
Washington, DC  20530
(202) 307-1399
Fax: (202) 307-2397

JOHN P. FITZGERALD, III
Acting United States Trustee, Region 4
KATHRYN R. MONTGOMERY
Assistant United States Trustee
Department of Justice
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
(804) 771-2310
Fax: (804) 771-2330

1

John P. Fitzgerald, III, Acting United States Trustee for Region Four ("United States Trustee") respectfully states his Answer to Motion of the Liquidating Trustee to Determine Extent of Liability for Post-Confirmation Quarterly Fees Payable to the United States Trustee Pursuant to 28 U.S.C. § 1930(a)(6) and Memorandum in Support ("Complaint"). This Answer responds specifically to each paragraph of the Complaint, using the same headings[1] and numbering used in the Complaint. To the extent an allegation is not specifically admitted, it is denied.

## I.     PRELIMINARY STATEMENT

1.     The United States Trustee admits the allegations of Paragraph 1 of the Complaint.

2.     Paragraph 2 of the Complaint contains Plaintiff's characterization of the Plan and the Court's Confirmation Order, which speak for themselves. The United States Trustee respectfully refers the Court to the Plan and Confirmation Order for a complete and accurate statement of its contents.

3.     The allegations of Paragraph 3 set forth jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

4.     With regard to Paragraph 4 of the Complaint, the United States Trustee admits that the Liquidating Trustee ("Plaintiff") performed and continues to perform duties under the Plan and Liquidating Trust Agreement. The United States Trustee does not have sufficient information to admit or deny the remaining allegations of Paragraph 4, and therefore denies them.

---

[1] The United States Trustee denies all allegations contained in such headings.

2

5.     With regard to Paragraph 5 of the Complaint, the United States Trustee admits that the Plaintiff has made efforts to recover sums to make distributions to holders of allowed claims. The United States Trustee does not have sufficient information to admit or deny the remaining allegations of Paragraph 5, and therefore denies them.

6.     Paragraph 6 of the Complaint contains Plaintiff's characterization of the Plan, which speaks for itself. The United States Trustee respectfully refers the Court to the Plan for a complete and accurate statement of its contents. The United States Trustee avers that Plaintiff's excerpt of Article XII.D. of the Plan is incomplete, as it omits the last sentence of Article XII.D. of the Plan, which states, "The U.S. Trustee shall not be required to file a request for payment of its quarterly fees, which shall be paid by the Debtor and/or the Liquidating Trustee." To the extent a response is required, except as specifically admitted herein, the United States Trustee denies the allegations of Paragraph 6.

7.     With regard to the first sentence of Paragraph 7 of the Complaint, the United States Trustee admits the accuracy of the factual allegations as of the date the Complaint was filed. The United States Trustee denies that the Plaintiff has timely remitted all UST Fees or that all the factual allegations of Paragraph 7 remain accurate and complete as if the date of this Answer. The last sentence of Paragraph 7 contains a characterization of the claims asserted by Plaintiff and the relief requested, not allegations of fact, and thus no response is required. To the extent that the allegations of Paragraph 7 are not specifically admitted, they are denied.

8.     With regard to Paragraph 8 of the Complaint, the United States Trustee admits that the case was filed on November 8, 2008, and that the Confirmation Order was entered on September 14, 2010. The United States Trustee does not have sufficient information to admit or deny the remaining allegations of Paragraph 8, and therefore denies them.

9. With regard to Paragraph 9 of the Complaint, the United States Trustee admits that the Bankruptcy Judgeship Act of 2017 ("2017 Act") temporarily increased the Chapter 11 quarterly fees due in cases with quarterly disbursements of $1 million or more, and that starting with the 1st quarter of 2018, the Plaintiff has paid a higher amount of UST Fees than he would have paid absent the increase in fees. The United States Trustee further admits that the 2017 Act applied to all Chapter 11 cases, including those pending prior to the effective date of the 2017 Act, as well as all cases filed thereafter. The United States Trustee avers that the six Bankruptcy Administrator ("BA") districts did not collect the increased fees as expected by Congress. The remainder of the allegations of this paragraph consists of Plaintiff's characterization of the statutes regarding quarterly fees and of this lawsuit, to which no response is required. To the extent a response is required, except as specifically admitted herein, the United States Trustee denies the allegations of Paragraph 9.

10. With regard to Paragraph 10 of the Complaint, the United States Trustee admits the Bankruptcy Administrators utilized in the judicial districts in North Carolina and Alabama did not initially collect the increased quarterly fees established in the 2017 Act. To the extent that the allegations of Paragraph 10 are not specifically admitted, they are denied.

11. The United States Trustee admits the allegations of Paragraph 11 of the Complaint were accurate when the Complaint was filed.

12. With regard to Paragraph 12 of the Complaint, the United States Trustee admits that the 2017 Act temporarily increased the Chapter 11 quarterly fees due in cases with quarterly disbursements of $1 million or more, and that starting with the 1st quarter of 2018, the Plaintiff has paid a higher amount of UST Fees than he would have paid absent the increase in fees. The remainder of the allegations of this paragraph consists of Plaintiff's characterization of the

4

statutes regarding quarterly fees and of this lawsuit, to which no response is required. To the extent a response is required, except as specifically admitted herein, the United States Trustee denies the allegations of Paragraph 12.

13.  The United States Trustee does not have sufficient information to admit or deny the allegations of Paragraph 13, and therefore denies them.

## II. JURISDICTION

14.  The allegations of Paragraph 14 set forth Plaintiff's jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

## III. RELIEF REQUESTED

15.  Paragraph 15 consists of Plaintiff's request for relief, to which no response is required. To the extent that a response is deemed necessary, the United States Trustee admits that the Supreme Court held in *Siegel v. Fitzgerald*, 142 S. Ct. 1770 (2022), that the fee increase of the 2017 Act was unconstitutionally non-uniform. The United States Trustee further submits that the issue of remedy has been remanded to this Court for decision. The United States Trustee further submits that this Court and the Fourth Circuit already have rejected the retroactivity argument asserted in this Complaint. To the extent that the allegations of Paragraph 15 are not specifically admitted, they are denied.

16.  With regard to Paragraph 16 of the Complaint, the United States Trustee admits that the Supreme Court of the United States has held that the 2017 Act is unconstitutionally non-uniform. The United States Trustee further submits that the issue of remedy has been remanded to this Court for decision. The United States Trustee further submits that no answer is required

to the Plaintiff's legal conclusions. To the extent that the allegations of Paragraph 16 are not specifically admitted, they are denied.

17. The allegations of Paragraph 17 set forth legal conclusions and questions of law to which no answer is required. To the extent a response is required, the United States Trustee denies the allegations of Paragraph 17.

18. With regard to Paragraph 18 of the Complaint, the United States Trustee admits that the Supreme Court of the United States has held that the 2017 Act is unconstitutionally non-uniform. The United States Trustee further submits that the issue of remedy has been remanded to this Court for decision. The United States Trustee further submits that no answer is required to the Plaintiff's legal conclusions. To the extent that the allegations of Paragraph 18 are not specifically admitted, they are denied.

19. With regard to Paragraph 19 of the Complaint, the United States Trustee admits that the Supreme Court of the United States has held that the 2017 Act is unconstitutionally non-uniform. The United States Trustee further submits that the issue of remedy has been remanded to this Court for decision. The United States Trustee further submits that no answer is required to the Plaintiff's legal conclusions. To the extent that the allegations of Paragraph 19 are not specifically admitted, they are denied.

20. With regard to Paragraph 20 of the Complaint, the United States Trustee admits that the Supreme Court of the United States has held that the 2017 Act is unconstitutionally non-uniform. The United States Trustee further submits that the issue of remedy has been remanded to this Court for decision. The United States Trustee further submits that this Court and the Fourth Circuit already have rejected the retroactivity argument asserted in this Complaint. The United States Trustee further submits that no answer is required to the Plaintiff's legal

conclusions. To the extent that the allegations of Paragraph 20 are not specifically admitted, they are denied.

21. The allegations of Paragraph 21 set forth legal conclusions and questions of law to which no answer is required. The United States Trustee further submits that this Court and the Fourth Circuit already have rejected the retroactivity argument asserted in this Complaint. To the extent a response is required, the United States Trustee denies the allegations of Paragraph 21.

22. The allegations of Paragraph 22 set forth legal conclusions and questions of law to which no answer is required. The United States Trustee further submits that this Court and the Fourth Circuit already have rejected the retroactivity argument asserted in this Complaint. To the extent a response is required, the United States Trustee denies the allegations of Paragraph 22.

23. The allegations of Paragraph 23 set forth legal conclusions and questions of law to which no answer is required. The United States Trustee further submits that this Court and the Fourth Circuit already have rejected the retroactivity argument asserted in this Complaint. To the extent a response is required, the United States Trustee denies the allegations of Paragraph 23.

24. The allegations of Paragraph 24 set forth legal conclusions and questions of law to which no answer is required. The United States Trustee further submits that this Court and the Fourth Circuit already have rejected the retroactivity argument asserted in this Complaint. To the extent a response is required, the United States Trustee denies the allegations of Paragraph 24.

25. The allegations of Paragraph 25 set forth legal conclusions and questions of law to which no answer is required. The United States Trustee further submits that this Court and the Fourth Circuit already have rejected the retroactivity argument asserted in this Complaint. To the extent a response is required, the United States Trustee denies the allegations of Paragraph 25.

26. The allegations of Paragraph 26 set forth legal conclusions and questions of law to which no answer is required. The United States Trustee further submits that this Court and the Fourth Circuit already have rejected the retroactivity argument asserted in this Complaint. To the extent a response is required, the United States Trustee denies the allegations of Paragraph 26.

27. The allegations of Paragraph 27 set forth legal conclusions and questions of law to which no answer is required. The United States Trustee further submits that this Court and the Fourth Circuit already have rejected the retroactivity argument asserted in this Complaint. To the extent a response is required, the United States Trustee denies the allegations of Paragraph 27.

28. The allegations of Paragraph 28 set forth legal conclusions and questions of law to which no answer is required. The United States Trustee further submits that this Court and the Fourth Circuit already have rejected the retroactivity argument asserted in this Complaint. To the extent a response is required, the United States Trustee denies the allegations of Paragraph 28.

29. The allegations of Paragraph 29 set forth legal conclusions and questions of law to which no answer is required. The United States Trustee further submits that this Court and the Fourth Circuit already have rejected the retroactivity argument asserted in this Complaint. To

the extent a response is required, the United States Trustee denies the allegations of Paragraph 29.

30. The allegations of Paragraph 30 set forth legal conclusions and questions of law to which no answer is required. The United States Trustee further submits that this Court and the Fourth Circuit already have rejected the retroactivity argument asserted in this Complaint. To the extent a response is required, the United States Trustee denies the allegations of Paragraph 30.

31. The allegations of Paragraph 31 set forth legal conclusions and questions of law to which no answer is required. The United States Trustee further submits that this Court and the Fourth Circuit already have rejected the retroactivity argument asserted in this Complaint. To the extent a response is required, the United States Trustee denies the allegations of Paragraph 31.

### IV.    NOTICE

The allegations set forth under Section IV. of the Complaint are allegations regarding proper notice that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent a response is required, the United States Trustee admits that he received notice of the Motion and otherwise denies the allegations of under Section IV. of the Complaint.

### V.    NO PRIOR REQUEST

32. With regard to Paragraph 32 of the Complaint, the United States Trustee admits that no previous request for relief as sough in the Complaint was made in this Court prior to the filing of the Complaint. The United States Trustee is without sufficient knowledge to admit or deny the remaining allegations of Paragraph 32 and therefore denies them.

33. The allegations of Paragraph 33 of the Complaint regard Local Rule 9013-1(G) and present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent a response is required, the United States Trustee denies the allegations of Paragraph 33 of the Complaint.

34. The allegations of Paragraph 34 of the Complaint are a reservation of rights to which no answer is required. To the extent a response is required, the United States Trustee denies the allegations of Paragraph 34 of the Complaint.

## VI.    CONCLUSION

The allegations of Section VI. of the Complaint constitute a prayer for relief to which no answer is required. To the extent a response is required, the United States Trustee admits that the United States Supreme Court found the 2017 Act unconstitutionally non-uniform, denies that the amount of UST Fees due since January 1, 2018, should be determined based on the statutory rates in effect as of the Petition Date in this Case, denies that Plaintiff is entitled to a refund of UST Fees, and further denies the remaining allegations of Section VI. of the Complaint.

**UNITED STATES TRUSTEE'S DEFENSES AND AFFIRMATIVE DEFENSES**

FIRST DEFENSE

All requests for relief other than a declaration that the 2017 Act is unconstitutionally non-uniform under the Bankruptcy Clause should be denied or dismissed for failure to state a claim upon which relief can be granted. In particular, and without waiver of any other arguments, although the Supreme Court held that "Congress' enactment of a significant fee increase that exempted debtors in two States violated the uniformity requirement" of the Bankruptcy Clause, *Siegel v. Fitzgerald*, 142 S. Ct. 1770, 1775 (2022), it expressly declined to address the appropriate remedy for that lack of uniformity. Instead, it remanded the question so lower courts

could address it in the first instance. *Id*. at 1783. Plaintiff is not entitled to any other relief sought because:

- Congress manifestly would not choose to effectively repeal the 2017 Act's fee increase.

- Congress's chosen prospective-only remedy is constitutionally sufficient.

- Even if retrospective relief were appropriate, the Plaintiff is not entitled to a retrospective fee decrease.

- At a minimum, a retrospective remedy is unavailable for the first three quarters of 2018.

## SECOND DEFENSE

No monetary judgment entered against the United States may be paid until the Attorney General of the United States determines that no appeal shall be taken from the judgment or no further review will be sought from a decision affirming the judgment. See 28 U.S.C. § 2414, 11 U.S.C. § 106(a)(4), Fed. R. Bank. P. 7062, Fed. R. Civ. P. 62(e), and 28 U.S.C. § 451.

## THIRD DEFENSE

Any award should be offset by any amounts owed to the United States.

## RESERVATION OF RIGHTS

The United States Trustee reserves the right to raise any of the affirmative defenses set forth in Federal Rule of Civil Procedure 8, should subsequent events disclose facts that support those defense as they become known. The United States Trustee further reserves the right to prepare and plead any and all defenses which may become applicable during the course of this litigation.

Subject to, and reserving all rights under, 28 U.S.C. § 2414 and Fed. R. Civ. P. 62(e), as asserted in the second defense, the United States Trustee consents to entry of final orders or judgments by this Court under Fed. R. Bankr. P. 7012(b).

WHEREFORE, the United States Trustee respectfully requests that all requests for relief other than a declaration that the 2017 Act is unconstitutionally non-uniform under the Bankruptcy Clause should be denied or dismissed with prejudice, that costs be assessed against Plaintiff, and that he be awarded any other relief deemed just and proper.

Date: Nov. 17, 2022

Respectfully submitted,

RAMONA D. ELLIOTT
Deputy Director/General Counsel
P. MATTHEW SUTKO
Associate General Counsel
BETH A. LEVENE
Trial Attorney
Department of Justice
Executive Office for
United States Trustees
441 G Street, N.W., Suite 6150
Washington, DC  20530
(202) 307-1399
Fax: (202) 307-2397

By: /s/ *Kathryn R. Montgomery*

JOHN P. FITZGERALD, III
Acting United States Trustee, Region 4
KATHRYN R. MONTGOMERY
Assistant United States Trustee
Department of Justice
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
(804) 771-2310
Fax: (804) 771-2330

**CERTIFICATE OF SERVICE**

       I hereby certify that on Nov. 17, 2022, I electronically filed the foregoing with the Clerk of this Court using the CM/ECF system which will send notification of such filing to all ECF registrants in this case.  I further certify that the foregoing was emailed to counsel for Alfred H. Siegel, Liquidating Trustee of the Circuit City Stores, Inc. Liquidating Trust:

Lynn L. Tavenner, Esquire
Tavenner & Beran, PLC
ltavenner@tb-lawfirm.com

Paula S. Beran, Esquire
Tavenner & Beran, PLC
pberan@tb-lawfirm.com

Richard M. Pachulski, Esquire
Pachulski Stang Ziehl & Jones, LLP
rpschulski@pszjlaw.com

Andrew W. Caine, Esquire
Pachulski Stang Ziehl & Jones, LLP
acaine@pszjlaw.com

Robert J. Feinstein, Esquire
Pachulski Stang Ziehl & Jones, LLP
rfeinstein@pszjlaw.com

Daniel L. Geyser, Esquire
Haynes and Boone, LLP
Daniel.Geyser@Haynesboone.com

                                            /s/ Kathryn R. Montgomery
                                            Kathryn R. Montgomery, Esq.