IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| In re:<br><br>**CIRCUIT CITY STORES, INC., et al.,**<br><br>Debtors. | Case No. 08-35653 (KRH)<br>Chapter 11<br><br>(Jointly Administered) |
| **ALFRED H. SIEGEL,** Trustee of the Circuit City Stores, Inc. Liquidating Trust,<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES TRUSTEE PROGRAM,** et al.,<br><br>Defendants. | Adversary Case No. 19-03091 (KRH) |

# NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):
   John P. Fitzgerald, III, Acting United States Trustee for Region 4, United States Trustee Program, Ramona D. Elliott, Acting Director

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.

   For appeals in a bankruptcy case and not in an adversary proceeding.

---

Kathryn R. Montgomery, Esq., AUST (Va. Bar No. 42380)
Shannon Pecoraro, Esq. (Va. Bar No. 46864)
Jason B. Shorter, Esq. (Va. Bar No. 80989)
Office of the United States Trustee
701 East Broad Street - Suite 4304
Richmond, VA 23219
Telephone (804) 771-2310
Facsimile (804) 771-2330

|  |  |
|---|---|
| ☐ Plaintiff | ☐ Debtor |
| ✓ Defendant | ☐ Creditor |
| ☐ Other (describe) _____ | ☐ Trustee |
|  | ☐ Other (describe) _____ |

## Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: The Bankruptcy Court's *Memorandum Opinion* and its *Order*, docketed, respectively, as Nos. 64 and 65 in Adversary Case No. 19-03091

2. State the date on which the judgment, order, or decree was entered: December 15, 2022

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: Alfred H. Siegel, Trustee of the Circuit City Stores, Inc. Liquidating Trust, represented by:

   Paula S. Beran
   Lynn L. Tavenner
   Tavenner & Beran, PLC
   20 North Eighth Street
   2d Floor
   Richmond, VA 23219
   Telephone: (804) 783-8300

   Richard M. Pachulski
   Andrew W. Caine
   Jeffrey N. Pomerantz
   Pachulski Stang Ziehl & Jones LLP
   10100 Santa Monica Blvd., 13th Floor
   Los Angeles, CA 90067-4100
   Telephone: (310) 277-6910

   Daniel L. Geyser
   Haynes and Boone, LLP
   2323 Victory Avenue, Ste. 700
   Dallas, TX 75219

   Robert J. Feinstein
   Pachulski Stang Ziehl & Jones LLP
   780 Third Avenue, 34th Floor
   New York, NY 10017

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

Not applicable.

## Part 5: Sign below

| | |
|---|---|
| Date: December 26, 2022 | Respectfully submitted, |
| | |
| RAMONA D. ELLIOTT | John P. Fitzgerald, III |
| Acting Director/General Counsel | Acting United States Trustee, Region Four |
| P. MATTHEW SUTKO | |
| Associate General Counsel | By: /s/ ***Kathryn R. Montgomery*** |
| BETH A. LEVENE | Kathryn R. Montgomery |
| Trial Attorneys | (Va. Bar No. 42380) |
| Department of Justice | Department of Justice |
| Executive Office for United States Trustees | Office of the United States Trustee |
| 441 G Street, N.W., Suite 6150 | 701 East Broad Street, Suite 4304 |
| Washington, DC  20530 | Richmond, Virginia 23219 |
| (202) 307-1399 | (804) 771-2310 |
| Fax: (202) 307-2397 | Fax: (804) 771-2330 |

Exhibit 1

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| In re: CIRCUIT CITY STORES, INC., et al., <br>                 Debtors. | Case No. 08-35653-KRH <br> Chapter 11 <br> (Jointly Administered) |
| ALFRED H. SIEGEL, Trustee of the <br> Circuit City Stores, Inc. Liquidating Trust, <br><br>                 Plaintiff, <br><br>                 v. <br><br> UNITED STATES TRUSTEE PROGRAM, et al., <br><br>                 Defendants. | Adv. Pro. No. 19-03091-KRH |

### MEMORANDUM OPINION

This matter comes before the Court on the *Defendants' Motion to Dismiss and Memorandum in Support* [ECF No. 45] (the "Motion to Dismiss") filed in the above-captioned consolidated adversary proceedings (these "Adversary Proceedings").[1] By their Motion to Dismiss, the Defendants[2] seek dismissal of these Adversary Proceedings for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Civil Rules"), as made applicable by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Namely, the Defendants allege that Alfred H. Siegel, Trustee of the Circuit City Stores, Inc. Liquidating

---

[1] In accordance with the Court's *Scheduling Order* [ECF No. 41], as modified by the *Order Dismissing Show Cause* [ECF No. 59], the Defendants have also filed the *United States Trustee's Answer to Complaint, Adv. No. 19-03091* [ECF No. 60] and *United States Trustee's Answer to Complaint, Adv. No. 19-03060* [ECF No. 61].

[2] "Defendants" shall refer to collectively United States Trustee Program (the "U.S. Trustee Program"), Ramona D. Elliott, Acting Director, and John P. Fitzgerald, III, Acting United States Trustee for Region 4. Although the Turnover Complaint originally named Clifford J. White III, Director, as a defendant, his successor, Ramona D. Elliott, Acting Director, has been substituted automatically as the proper party pursuant to Civil Rule 25(d), as incorporated by Bankruptcy Rule 7025.

1

Trust (the "Trustee") is not entitled to monetary relief on either his *Motion of the Liquidating Trustee to Determine Extent of Liability for Post-Confirmation Quarterly Fees Payable to the United States Trustee Pursuant to 28 U.S.C. § 1930(a)(6) and Memorandum in Support* [Adv. Pro. No. 19-03060, ECF No. 1] (the "Motion to Determine") or his *Complaint for Declaratory Judgement* [sic] *and Recovery of Amounts Owed Pursuant to 11 U.S.C. § 542* [ECF No. 1] (the "Turnover Complaint," together with the Motion to Determine, the "Complaints"). The Trustee having filed an objection [ECF No. 46] (the "Objection") and the Defendants having filed a reply [ECF No. 47] (the "Reply"), the Motion to Dismiss is now fully briefed and ripe for disposition. The Court has subject matter jurisdiction under 28 U.S.C. § 1334 and the General Order of Reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (O). Venue is appropriate pursuant to 28 U.S.C. § 1409(a). After considering the pleadings, the arguments of counsel at the hearing on the Motion to Dismiss, and the applicable law, the Court denies the Motion to Dismiss and finds that the Trustee is entitled to monetary relief, as more fully detailed herein.

## Background

Congress established a dual system throughout the United States for the administration of bankruptcy cases.[3] In the six federal judicial districts comprising North Carolina and Alabama (the "BA Districts"), bankruptcy courts oversee the administrative aspects of bankruptcy cases as part of the Bankruptcy Administrator program (the "BA Program"). *Siegel v. Fitzgerald*, 142 S.

---

[3] The history of the U.S. Trustee Program is more fully detailed in *Siegel v. Fitzgerald*, 142 S. Ct. 1770, 1772-76 (2022). By that decision, the Supreme Court expressly declined to address "the constitutionality of the dual scheme of the bankruptcy system itself." *Id.* at 1782. The uniformity issue can only be reasonably resolved through the exclusive use of either the U.S. Trustee Program or the BA Program. Resolution of that issue is not the province of this Court. As was the case after the Ninth Circuit decided *St. Angelo v. Victoria Farms, Inc.*, 38 F.3d 1525, 1532 (9th Cir. 1994), *amended by* 46 F.3d 969 (9th Cir. 1995), any decision by this Court that the dual system is unconstitutional would be non-binding on a BA District and, as such, would not effectuate any meaningful relief.

2

Ct. 1770, 1772-76 (2022). In every other judicial district within the United States (the "USTP Districts"), this role is filled by the U.S. Trustee Program, a component of the Department of Justice and a Defendant in this case. *See id.* at 1776.

This dual system has dual funding sources. The U.S. Trustee Program is entirely self-funded through user fees paid to the U.S. Trustee System Fund. 28 U.S.C. § 589a(b). A large portion of this funding comes from fees assessed against and paid in Chapter 11 cases[4] (the "Quarterly U.S. Trustee Fees"), which are statutorily charged based on quarterly disbursements. *See id.* § 1930(a)(6)(A). In contrast, the BA Program is funded by taxpayers through the general budget of the Judiciary.[5] *Siegel*, 142 S. Ct. at 1776. Initially, the BA Program did not collect Quarterly U.S. Trustee Fees in Chapter 11 cases. In 1994, the Ninth Circuit held such non-uniform treatment of debtors was unconstitutional. *Id.* (citing *St. Angelo v. Victoria Farms, Inc.*, 38 F.3d 1525, 1532-33 (9th Cir. 1994), *amended by* 46 F.3d 969 (1995)). Congress enacted a statute in response to the Ninth Circuit's decision that permitted, but did not require, the Judicial Conference of the United States to assess debtors in the BA Districts Quarterly U.S. Trustee Fees equal to those imposed in USTP districts. *Id.* In turn, the Judicial Conference entered a standing order in 2001 that directed the BA Districts to charge Quarterly U.S. Trustee Fees equal to those in USTP Districts. *Id.* (citation omitted). As a result, Quarterly U.S. Trustee Fees remained consistent between the BA and USTP Districts for the next 17 years. *Id.*

This separate but equal fee system changed when Congress increased the amount of the Quarterly U.S. Trustee Fees for all pending Chapter 11 cases in USTP districts beginning in the first quarter of 2018 (the "2017 Act"). *Id.* at 1777 (citing Bankruptcy Judgeship Act of 2017, Pub.

---

[4]  Chapter 11 cases refers to reorganization cases commenced under 11 U.S.C. § 1101, *et seq.*

[5]  The different funding mechanisms may result in different available services, particularly in light of the Judiciary's increasingly thin budget as compared to a fully funded U.S. Trustee Program.

3

L. No. 115-72 § 1004, 131 Stat. 1224 (codified as amended at 28 U.S.C. § 1930(a)(6)(B) (2018)). Despite the 2001 standing order, the BA Districts did not immediately raise their fees to match the increased amounts assessed in the USTP Districts. *Id.* It was not until September of 2018 that the Judicial Conference ordered BA Districts to implement the new fee increase. *Id.* In so doing, the BA Districts only applied the fee increase to newly filed cases, beginning on October 1, 2018. *Id.*

The above-captioned Chapter 11 cases had long been pending when the 2018 fee increase took effect. The *Modified Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and Its Affiliated Debtors and Debtors in Possession and Its Official Committee of Creditors Holding General Unsecured Claims* [Bankr. Case No. 08-35653, ECF No. 8555 Ex. A] (the "Liquidating Plan") required the Trustee to "pay quarterly fees to the U.S. Trustee until the Chapter 11 Cases are closed or converted." Liquidating Plan Art. XII.D, ECF No. 8555 Ex. A at 101. The Trustee paid $632,542 in Quarterly U.S. Trustee Fees for the first three quarters of 2018. *Siegel*, 142 S. Ct. at 1778. Absent the fee increase, the Trustee would have paid only $56,400 for that same period. *Id.*

In 2019, the Trustee filed the Motion to Determine that the 2017 Act's non-uniform fee increase was unconstitutional. Mot. to Determine ¶ 13, Adv. Pro. No. 19-03060, ECF No. 1 at 6. This Court granted the Trustee's motion, *In re Cir. City Stores, Inc.*, 606 B.R. 260, 271 (Bankr. E.D. Va. 2019), which decision the Defendants appealed. While the appeal was pending, the Trustee filed the Turnover Complaint, seeking, *inter alia*, recovery of the portion of Quarterly U.S. Trustee Fees paid by the Trustee to the Defendants that exceeded those the Trustee would have had to pay in a BA District. Turnover Compl. at ¶¶ 38-44, ECF No. 1 at 11.

Congress amended section 1930 during the pendency of the appeal, to replace the word "may" with the word "shall" in the statute. Bankruptcy Administration Improvement Act of 2020,

4

Pub. L. No. 116-325, 134 Stat. 5086 (codified as amended at 28 U.S.C. § 1930(f)(7) (2021)). With such revision, the statute now provides that "the Judicial Conference of the United States *shall* require the debtor in a case under chapter 11 of title 11 to pay fees equal to those imposed by paragraph (6) of this subsection." 28 U.S.C. § 1930(f)(7) (emphasis added).

On June 6, 2022, the Supreme Court held the 2017 Act to be unconstitutional, but it did not determine the proper remedy. *Siegel*, 142 S. Ct. at 1783. Instead, the Supreme Court remanded this case to the Fourth Circuit for it to determine what remedy, if any, was available to the Trustee. The Fourth Circuit, in turn, remanded the case to this Court for the same purpose.

**Analysis**

Defendants seek dismissal of this Adversary Proceeding because they believe that the relief the Trustee has requested – a refund – cannot be granted as a matter of law. The Court is aware that it is not the first to address the remedy issue since the Supreme Court decided *Siegel*. The Second Circuit and the Tenth Circuit have each ruled, albeit summarily, that the appropriate remedy is a refund in the amount of the portion of the quarterly fees paid that exceeded the amount the debtor would have had to pay in a BA District (the foregoing amount, the "Unconstitutional Overpayment"). *Clinton Nurseries, Inc. v. Harrington* (*In re Clinton Nurseries, Inc.*), 53 F.4th 15, 29 (2d Cir. 2022) ("We see nothing in *Siegel* that calls into doubt our earlier holding, and so we reaffirm that, to the extent that Clinton has already paid the unconstitutional fee increase, it is entitled to a refund of the amount in excess of the fees it would have paid in a BA District during the same time period."); *In re John Q. Hammons Fall 2006, LLC*, No. 20-3203, 2022 WL 3354682, at *1, 2022 U.S. App. LEXIS 22859, at *6 (10th Cir. Aug. 15, 2022). This Court agrees with

5

decisions reached in the Second and Tenth Circuits – the Trustee is entitled to a refund of the Unconstitutional Overpayment.

I. *Under Applicable Non-Bankruptcy Law, the Trustee is Entitled to a Refund of the Unconstitutional Overpayment*

"It is a settled and invariable principle, that every right, when withheld, must have a remedy, and every injury its proper redress." *Marbury v. Madison*, 5 U.S. 137, 147 (1803). The Supreme Court has already identified in *Siegel* the constitutional injury suffered in these cases – the Unconstitutional Overpayment. The question then becomes, what is the appropriate remedy to redress the Unconstitutional Overpayment?

As a preliminary matter, the Court rejects the Defendants' argument that correcting the assessments on a going-forward basis is sufficient in and of itself to provide adequate relief. Prospective relief alone provides no relief. Prospective relief, by itself, would serve instead to cement the unconstitutional treatment. The Defendants, in support of their position, cite to two Supreme Court cases that permitted prospective relief.[6] *Sessions v. Morales-Santa*, 137 S. Ct. 1678 (2017); *Barr v. Am. Ass'n of Pol. Consultants*, 140 S. Ct. 2335 (2020) (plurality opinion). These cases are easily distinguishable from the case at bar. There was no monetary relief at issue; and no monetary relief could possibly redress the constitutional injury. *Sessions*, 137 S. Ct. at 1686 (declining to retroactively strip citizenship from children born to unwed mothers after finding the law unconstitutional that permitted such children to be eligible for citizenship earlier than those born to unwed fathers and married persons); *Barr*, 140 S. Ct. 2335 (after creating a new category

---

[6] The Defendants also rely on the non-binding Ninth Circuit's decision in *St. Angelo v. Victoria Farms, Inc.*, 38 F.3d 1525 (9th Cir. 1994), *amended by* 46 F.3d 969 (9th Cir. 1995), to assert that no retrospective relief is required. Mot. to Dismiss at 10, ECF No. 45 at 16. But *Victoria Farms* is the inverse of this case. *Victoria Farms* struck down as unconstitutional an extension of time given to the BA Districts to implement the U.S. Trustee Program – the amount of the Quarterly U.S. Trustee Fees were not at issue. *Victoria Farms*, 38 F.3d at 1533. In *Siegel*, the Supreme Court struck down the 2017 Act's increase in Quarterly U.S. Trustee Fees. 142 S. Ct. at 1775. *Victoria Farms* is neither binding nor on point.

6

of prohibited robocalls, declining retroactive punishment of such robocalls that were legal when made).

Rather than ineffectual prospective relief, "when the 'right invoked is that to equal treatment,' the appropriate remedy is a *mandate* of equal treatment, a result that can be accomplished by withdrawal of benefits from the favored class as well as by extension of benefits to the excluded class." *Heckler v. Mathews*, 465 U.S. 728, 740 (1984) (emphasis in original) (citing *Iowa-Des Moines Nat'l Bank v. Bennett*, 284 U.S. 239, 247 (1931)). *Heckler* suggests that there are two possible remedies available here: (1) refunding debtors in USTP Districts the amount of the Unconstitutional Overpayment; or (2) assessing and billing debtors in the BA Districts the amount they would have paid if the statute had been applied uniformly to the USTP and BA Districts. *See also McKesson Corp. v. Div. of Alcoholic Beverages & Tobacco*, 496 U.S. 18, 40-41 (1990). Numerous legal and practical hurdles stand in the way of imposing a retroactive assessment of debtors in BA Districts. A refund of the Unconstitutional Overpayment appears to be the more practical remedy.

An injured party should not be forced to wait for officials to act when it is uncertain how or when they would do so. *Id.* at 36. This Court lacks jurisdiction to command the BA Districts to retroactively assess fees, and the Court is unaware of any action on the part of the Defendants who are authorized to participate in BA Districts to move for the imposition of such retroactive fees.[7]

> "[I]t is unnecessary to say more than that it nowhere appears that these [Defendants], if they possess the power [to assess back fees], have undertaken to exercise it or that they have any intention of ever doing so. It will be soon enough to invite consideration of this

---

[7] The U.S. Trustee Program has the statutory right to appear and be heard in all bankruptcy cases, regardless of location. *See* 11 U.S.C. § 307. However, upon questioning at the Hearing, the Defendants conceded that they had made no efforts to seek retroactive payments in the BA Districts.

7

> purely speculative suggestion when, if ever, the taxing officials shall have put it into practical effect."

*Id.* at 35 (quoting *Mont. Nat'l Bank of Billings v. Yellowstone Cnty.*, 276 U.S. 499, 505 (1928)). The Trustee should not remain injured simply because the Defendants may one day seek to force BA Districts to retroactively impose greater fees.

It is also unclear how a retroactive fee assessment would work, either legally or practically. The Defendants propose that the Treasury Department could attempt to collect the back fees from debtors in BA Districts, but they do not address how such collections would work and they concede that any such collection attempts may be unsuccessful. *See* Reply at 7, ECF No. 47 at 11 (conceding that "[i]f a debtor has dissolved or a liquidating trust has made all its distributions, then collection may not be successful."). And, of course, that does not address how any such collection attempts would undoubtedly upset the expectations of parties who have extensively negotiated and consented to plan terms, only to have their expected distributions diluted through the payment of user fees and any attendant expenses – not to mention the flood of litigation that may ensue as those collection efforts are challenged. As such, even if this Court had the jurisdiction to do so, which it does not, impotently ordering collection in BA Districts is far too speculative and ineffective to accord proper relief to the Trustee.

Instead, the Court holds the first option provided by the *McKesson* Court – a refund – is the appropriate remedy here. There is ample precedent for ordering a refund for unconstitutional overpayments to a governmental entity. *See McKesson Corp.*, 496 U.S. at 32-36 (collecting cases). The U.S. Courts of Appeal for the Second and Tenth Circuits have already ordered refunds in the wake of the Supreme Court's decision in this case. *In re Clinton Nurseries, Inc.*, 53 F.4th 15; *In re John Q. Hammons Fall 2006*, 2022 WL 3354682, 2022 U.S. App. LEXIS 22859, *reinstating* 15 F.4th 1011, 1026 (2021). Both appellate courts in considering the precise question now pending

8

in the case at bar made the same observation that they lacked jurisdiction over the BA Districts. *See, e.g.*, *In re John Q. Hammons Fall 2006, LLC*, 15 F.4th at 1026 (ordering a refund of overpayment of fees while noting "[w]e lack authority over quarterly fees assessed in districts outside our circuit, and thus in Alabama or North Carolina . . . [b]ut Debtors are entitled to relief.").

The Defendants' argument against a refund as the appropriate remedy relies largely on congressional intent. But congressional intent provides little guidance here. Whatever the goals of Congress may have been in enacting the 2017 Act, when Congress became aware of the 2017 Act's constitutional infirmity it amended the statute. Congress could have chosen at that time to command the BA Districts to implement a retroactive fee increase – but it chose not to. Congress may well have made this decision out of a commitment to its carefully enacted Chapter 11 regime and the harm a retroactive fee assessment in BA Districts could cause. By the same token, Congress could have chosen to command the USTP Districts to issue a refund – it chose not to. This could be due to Congress's commitment to its determination that the USTP Districts should be user rather than taxpayer funded. Only Congress knows which of these alternative objectives it values the most. Congress had the opportunity to choose between them. It declined to do so. Congressional intent is, at best, a wash.[8] As such, and with great deference to the two courts of appeal that have already ruled post-*Siegel*, this Court holds that the Trustee is entitled to relief. The Court therefore grants the only relief it has the power to provide – a refund.

In so ruling, the Court rejects the Defendants' final argument that the Trustee reasonably could have declined to pay the Unconstitutional Overpayment pending a final determination from

---

[8] Moreover, even if this Court were to hold that congressional intent required assessment of fees, there is no guarantee that the courts in the BA Districts would arrive at the same conclusion, further underscoring the speculative nature of the relief suggested by the Defendants.

9

this Court. Due Process is not satisfied if, *inter alia*, the payment was made under duress because the government imposed a penalty for failure to remit payment in a timely fashion or the citizen is placed at a serious legal disadvantage in a pre-deprivation action that would not exist if the citizen were to instead pay and seek a refund. *See McKesson Corp.*, 496 U.S. at 38 n.21 ("[A] taxpayer pays 'under duress' when he proffers a timely payment merely to avoid a 'serious disadvantage in the assertion of his legal . . . rights' should he withhold payment and await a state enforcement proceeding in which he could challenge the tax scheme's validity 'by defen[s]e in the suit.'" (internal citation omitted)). Here, the Trustee was subject to unconstitutionally disparate financial treatment from the Government. *Siegel*, 142 S. Ct. at 1781-82. The Trustee is a fiduciary to the debtors' bankruptcy estates and must act in their best interest. The Bankruptcy Code[9] provides that a court "shall" convert the case to Chapter 7 or dismiss the case altogether for failure to pay the Quarterly U.S. Trustee Fees. 11 U.S.C. § 1112(b)(1), (b)(4)(K). Had the Trustee refused to pay the Unconstitutional Overpayment, the Trustee would have run the risk of dismissal or conversion – either of which would have jeopardized over a decade of carefully negotiated restructuring and repayments to creditors. As such, the Trustee did not have a meaningful pre-deprivation opportunity to challenge the constitutionality the Unconstitutional Overpayment.

Having concluded that a refund is the proper relief for the Trustee's injury, the Court must now determine what period the refund should cover. The Defendants assert that any retrospective relief should not extend to the first three quarters of calendar year 2018 because the BA Districts did not comply with the 2001 Standing Order of the Judicial Conference and match the fees imposed by the 2017 Amendment. However, the crux of the issue is not what the BA Districts did. It is what Congress did. Congress passed a statute that allowed for non-uniform fees. That

---

[9] "Bankruptcy Code" refers to Title 11 of the United States Code.

10

unconstitutional statute – not the actions of the Judicial Conference – is what the Supreme Court identified as the source of the constitutional injury. *Siegel*, 142 S. Ct. at 1782 n.2 (rejecting the argument that "that any uniformity violation should be attributed to the Judicial Conference and not to Congress" because "the fee statute did not require the Judicial Conference to impose an equivalent increase" and "[i]t is that congressional decision that led to the disparities at issue here."). Any non-uniform fees paid as a result of that statute are a constitutional injury suffered by the Trustee. This is just as true for the overpayments in the first three quarters of 2018 as it is for the remainder of the overpayments. The Court therefore rejects the Defendants' argument and holds that the refund period shall include the first three quarters of 2018.

> II.  ***Under Applicable Bankruptcy Law, the Trustee is Entitled to a Refund of the Unconstitutional Overpayment***

The Bankruptcy Code also provides a means of recovery of the Unconstitutional Overpayment. The Trustee may avoid unauthorized post-petition date transfers, 11 U.S.C. § 549(a), and recover the same for the benefit of the estate, 11 U.S.C. § 550. Section 549 of the Bankruptcy Code requires "the satisfaction of four elements: (1) a transfer, (2) of property of the estate, (3) made after commencement of the case, and (4) that is not authorized under the Bankruptcy Code or by the bankruptcy court." *Devan v. Phx. Am. Life Ins. Co.* (*In re Merry-Go-Round Enters.*), 400 F.3d 219, 224 (4th Cir. 2005) (citing *Hoagland v. Edward Hines Lumber Co.* (*In re LWMcK*), 196 B.R. 421, 423 (Bankr. S.D. Ill. 1996); *In re Watson*, 65 B.R. 9, 11 (Bankr. C.D. Ill. 1986)). Section 550(a) of the Bankruptcy Code provides that "to the extent that a transfer is avoided under section . . . 549 . . . of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property." 11 U.S.C. § 550(a). The trustee may seek recovery from either "the initial transferee of such transfer or the entity for whose benefit such transfer was made" or "any immediate or mediate transferee of such

11

initial transferee." *Id.* § 550(a)(1), (2). The trustee's power to recover from an initial transferee or the entity for whose benefit such transfer was made is absolute. *Bowers v. Atlanta Motor Speedway (In re Se. Hotel Props. Ltd. P'shp.)*, 99 F.3d 151, 154 (4th Cir. 1996).

Although the Court had authorized the payment of Quarterly U.S. Trustee Fees generally as they became "due and payable," *see* Liquidating Plan Art. VII.D, ECF No. 8555 Ex. A at 11, the Court did not authorize the payment of unconstitutional quarterly fees. *See Colonial Auto Ctr. v. Tomlin (In re Tomlin)*, 105 F.3d 933, 941 (4th Cir. 1997) ("The bankruptcy court [is] 'in the best position to interpret its own orders'" and "the bankruptcy court's interpretation of its own order here similarly warrants 'customary appellate deference.'" (first quoting *In re Chi., R. I. & P. R. Co.*, 860 F.2d 267, 272 (7th Cir. 1988); then citing *Hastert v. Ill. State Bd. of Election Comm'rs*, 28 F.3d 1430, 1438 (7th Cir. 1993))). Similarly, although the Bankruptcy Code contemplates the payment of Quarterly U.S. Trustee Fees, *see* 11 U.S.C. § 1121(b)(4)(k), the Bankruptcy Code does not authorize the payment of unconstitutional fees. The Unconstitutional Overpayment by the Trustee to the Defendants was a transfer of property of the estate[10] that occurred after the commencement of these bankruptcy cases and was not authorized under the Bankruptcy Code or by this Court.[11] Accordingly, the Trustee can avoid the transfer of the Unconstitutional Overpayment pursuant to section 549 of the Bankruptcy Code. Once the transfers are avoided, the Trustee is entitled to recover the amount of the Unconstitutional Overpayment from the Defendants

---

[10] "Property of the estate" is a defined term under the Bankruptcy Code that includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) The Unconstitutional Overpayment was made by the Trustee out of the liquidating trust res. The res of the liquidating trust consists of all assets of the underlying debtors' bankruptcy estates. *See* Liquidating Plan Art. V.B.1, ECF No. 8555 at 78. Accordingly, the Unconstitutional Overpayment was made from property of the estate.

[11] These Adversary Proceedings were commenced by the filing of the Motion to Determine on March 28, 2019, Mot. to Determine at 14, Adv. Pro. No. 19-03060, ECF No. 1 at 16, well within two years after the date of the Unconstitutional Overpayment, *see* 11 U.S.C. § 549(d).

as the Defendants are collectively either the "initial transferee" and/or "the entity for whose benefit such transfer was made. 11 U.S.C. § 550(a)(1).[12]

It is a core duty of the federal courts to provide remedies for legal injuries. The Trustee has suffered such an injury through the overpayment of fees under an unconstitutional statute. Under applicable non-bankruptcy law as well as under bankruptcy law, the Trustee is entitled to be made whole. As such, the Court holds that the Trustee may recover the amount of the Unconstitutional Overpayment.

A separate Order shall issue.

Dated:  December 15, 2022          /s/ Kevin R. Huennekens
                                   UNITED STATES BANKRUPTCY JUDGE

                                   Entered on Docket: Dec 15 2022

---

[12] The Government has waived sovereign immunity for any action brought under section 549 of the Bankruptcy Code. 11 U.S.C. § 106.

13

<div style="text-align:right; border:1px solid red; display:inline-block;">Exhibit 2</div>

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| In re: CIRCUIT CITY STORES, INC., et al., <br> Debtors. | Case No. 08-35653-KRH <br> Chapter 11 <br> (Jointly Administered) |
| ALFRED H. SIEGEL, Trustee of the <br> Circuit City Stores, Inc. Liquidating Trust, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES TRUSTEE PROGRAM, et al., <br><br> Defendants. | Adv. Pro. No. 19-03091-KRH |

### ORDER

Upon consideration of the *Defendants' Motion to Dismiss and Memorandum in Support* [ECF No. 45] (the "Motion to Dismiss") filed in the above-captioned consolidated adversary proceedings, the Court having reviewed the pleadings and having considered the arguments of counsel at the hearing conducted on November 15, 2022, for the reasons set forth in the accompanying *Memorandum Opinion* entered substantially contemporaneously herewith, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion to Dismiss is **DENIED**.

2. The Plaintiff is entitled to a refund in the amount of the portion of the quarterly U.S. Trustee fees paid that exceeded the amount the Plaintiff would have had to pay in a bankruptcy administrator district, inclusive of the first three quarters of calendar year 2018 (the "Unconstitutional Overpayment").

3.      The Court will reconvene on **January 18, 2023, at 1:00 p.m.** the pre-trial conference that had been continued generally on the Court's docket (the "Pre-Trial Conference") in order to, amoung other things, schedule the trial of this matter. The Pre-Trial Conference shall be conducted **both** in-person and by Zoom for Government. Persons wishing to appear at the Hearing may participate by either, at their option, appearing in person at Judge Huennekens' Courtroom, 701 E. Broad St., Courtroom 5000, Richmond, Virginia, or registering in advance at:

https://www.zoomgov.com/meeting/register/vJIscuqtrzovGFfOxcvK4FseAfd9d5Q4fsg

Dated:  December 15, 2022                /s/ Kevin R. Huennekens
                                         UNITED STATES BANKRUPTCY JUDGE

                                         Entered on Docket: Dec 15 2022

**Copies to:**

**Kathryn R. Montgomery**
Office of the United States Trustee
701 East Broad Street, Ste. 4303
Richmond, VA 23219

**Ramona D. Elliott**
**P. Matthew Sutko**
**Beth A. Levene**
Department of Justice
Executive Office for United States Trustees
441 G Street, N.W., Suite 6150
Washington, DC 20530

**Paula S. Beran**
**Lynn L. Tavenner**
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219

**Richard. M. Pachulski**
**Andrew W. Caine**
**Jeffrey N. Pomerantz**
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067-4100

2

**Robert J. Feinstein**
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 34th Floor
New York, New York 10017

**Daniel L. Geyser**
Haynes and Boone, LLP
2323 Victory Avenue, Ste. 700
Dallas, Texas 75219

3